UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PHILLIP TORBORG,                                    CIV. NO. 13-1211(JRT/JSM)

      Plaintiff,                                  REPORT AND RECOMMENDATION

v.

FEDERAL NATIONAL MORTGAGE ASSOC., et.al.

      Defendants.

The above matter came before the undersigned on Defendants' Motion to Dismiss [Docket No. 9] and Defendants Motion to Dismiss (Amended Complaint) [Docket No. 21].  This matter was decided on the parties' written submissions.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. §636(b)(1)(A), (B) and Local Rule 72.1(c) and the Amended Administrative Order issued by Chief Judge Michael J. Davis on October 16, 2013 [Docket No. 27].

Plaintiff seeks to invalidate the foreclosure of the mortgage on his home.  Plaintiff asserts three claims against defendants: (1) quiet title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title.  For the reasons below, the Court recommends that defendants' Motions to Dismiss be granted and plaintiff's claims be dismissed with prejudice.[1]

---

[1]     In the caption of his Complaint, plaintiff also purports to sue "all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein."  As "[t]here are no factual allegations sufficient to identify these unnamed defendants or state a claim against them;" the Court therefore recommends that all claims against them be dismissed.  See Sonsalla v. Mortgage Elec. Registration Sys., Inc., Civ. No. 13-659, 2013 WL 4052825, at *1 (D. Minn. Aug. 9, 2013) (citing Estate of Rosenberg ex rel. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995)

## I.      BACKGROUND

Plaintiff commenced this action on May 20, 2013.  Complaint [Docket No. 1].  In lieu of answering, on June 10, 2013, defendants Federal National Mortgage Corporation ("Fannie Mae); Mortgage Electronic Registration System ("MERS") and MERSCORP, Inc. (collectively "defendants") moved to dismiss the Complaint.  On July 1, 2013, plaintiff filed and served an Amended Complaint [Docket No. 16].  Defendants moved to dismiss the Amended Complaint in lieu of answering.

The facts bearing on the motion to dismiss are as follows.  Plaintiff acquired his interest in real property located in Big Lake, Minnesota ("Property") by Warranty Deed dated March 31, 2006.  Amended Complaint, ¶¶1, 2; Unsworn Declaration of Rebecca F. Schiller in Support Of Motion to Dismiss, ("Schiller Decl."), Ex. 1  (Warranty Deed) [Docket No. 11-1].[2]  On March 31, 2006 plaintiff executed and delivered a note to Advisor's Mortgage, LLC.  Amended Complaint, ¶6.  On the same date, plaintiff and non-party Tammy Codden executed a Mortgage in the principle amount of $363,920 in favor of MERS, as nominee for Advisor's Mortgage.  Id., ¶6, Ex. 1 (Mortgage) [Docket No. 1-1].  The mortgage was recorded in the office of the Sherburne County Recorder on April 14, 2006.  Id., Ex. 1.  Plaintiff filed for bankruptcy in September, 2011.  Id., ¶10. The bankruptcy was discharged in June, 2012.  Id.

---

(affirming dismissal of unidentified defendants about whom no factual allegations were made)).

[2]      The Schiller Declaration was submitted in connection with defendants' first motion to dismiss and then was relied upon by defendants in connection with their Motion to Dismiss the Amended Complaint.

Plaintiff claims that no defendant or predecessor has the right to declare a default on the note and that no defendant or predecessor can prove a default of the note under the UCC.  Id., ¶7.

A Limited Power of Attorney dated September 12, 2011, authorizing Seterus, Inc. to execute documents relating to foreclosure of a mortgage, was filed twice with the Sherburne County Recorder on November 29, 2011, and on February 10, 2012. Schiller Decl., Exs. 4 (Limited Power of Attorney), 5 (Limited Power of Attorney).

The mortgage was assigned by MERS to Fannie Mae pursuant to an Assignment of Mortgage drafted by Seterus, Inc. on behalf of Fannie Mae and recorded in the office of the Sherburne County Recorder on May 15, 2012.  Amended Complaint, ¶10, Ex. 2 (Assignment of Mortgage).  This Assignment was executed on November 10, 2011, by Tiffany Bitsoi and Rebecca Higley as Assistant Secretaries of MERS.  Id., ¶10.  Plaintiff alleged that there was no evidence that either Bitsoi or Higley were authorized to sign the Assignment.  Id., ¶11.  According to plaintiff, Bitsoi and Higley lived in Idaho and signed the Assignment of Mortgage in Idaho; the Assignment was notarized by Vickie Sorg in Bonneville County, Idaho; and Sorg was an employee of Security Connections, located in Idaho Falls, the county seat for Bonneville, Idaho.  Id., ¶¶11, 12, Exs. 3 (Affidavit of Private Investigator, 4 (Affidavit of Private Investigator), 5 (Notary Commission Record), 6 (web homepage for Security Connections).  An employee of Security Connections testified in an unrelated case that she "robo-signed" assignments of mortgage for First Franklin.  Id., ¶13, Ex. 7 (Krystall Hall Deposition dated November 30, 2009).  Based on these facts, plaintiff alleged that there was a "plausible inference" that Bitsoi and Higley worked for Security Connections and not MERS, Security

3

Connections was a robo-signing company, and Bitsoi and Higley "robo-signed" the Assignment of Mortgage. Id., ¶¶12, 13.

On September 6, 2012, the Reiter & Schiller law firm, on Fannie Mae's behalf, recorded a Notice of Pendency at the Sherburne County Recorder's office on September 10, 2012. Id., ¶16; Ex. 8 (Notice of Pendency). The Notice of Pendency was signed by attorney N. Kibongni Fondungallah, who plaintiff claimed lacked the legal authority to sign the document. Id., ¶17.

On September 13, 2012, Fannie Mae, through Reiter & Schiller, noticed the sheriff's sale and the foreclosure notice of sale was published for six weeks commencing on September 15, 2012. Id., ¶20, Ex. 10 (Sheriff's Certificate of Sale and Foreclosure Record).

On September 21, 2012, a Power of Attorney authorizing Reiter & Schiller to foreclose on the property and bid in for the property at the foreclosure sale was signed by Andrew Fry, as a Loan Administration Assistant Vice President of Seterus, Inc., attorney-in-fact for Fannie Mae. Id., ¶18; Ex. 9 (Power of Attorney). The Power of Attorney was recorded at the Sherburne County Recorder's office on October 4, 2012. Id. Plaintiff alleged that Fry did not have the authority to sign the Power of Attorney and that Seterus's status as Fannie Mae's attorney-in-fact was a "disputed hearsay statement." Id., ¶19.

A sheriff's sale of the Property was conducted on November 8, 2012, and Reiter & Schiller, on Fannie Mae's behalf, bid in $389,291.83 on the debt allegedly due to Fannie Mae. Id., ¶20. A Sheriff's Certificate of Sale was recorded at the Sherburne County Recorder's office on November 13, 2012. Id., Ex. 10 (Sheriff's Certificate of

4

Sale and Foreclosure Record). Plaintiff alleged that Fannie Mae lacked the legal authority to foreclose because it knew that the Assignment of Mortgage, the September 6, 2012 Notice of Pendency, and September 21, 2012 Power of Attorney were all void. Id., ¶¶21, 22.

Plaintiff pled the following causes of action:

Count I sought a determination of adverse claims under Minn. Stat. §599.01, et. seq. This Count alleged that plaintiff is personally in possession of the Property and defendants' interest in the property was void because those individuals signing the foreclosure documents lacked the legal authority to execute the documents, and defendants did not record the necessary powers of attorney authorizing foreclosure. Id., ¶¶26, 29. In addition, plaintiff alleged that in a quiet title action, Fannie Mae has the burden of proving its interest in the Property by a preponderance of evidence. Id., ¶¶27, 30.

Count II sought a declaratory judgment pursuant to Minn. Stat. §555.01 et. seq. that the: (1) November 10, 2011 Assignment of Mortgage was void; (2) the Notice of Pendency executed by attorney Fondungallah on September 6, 2009, was void; (3) Power of Attorney executed by Fry on September 21, 2012, was void; and (4) plaintiff remained the fee owner of the property. Id., ¶¶33, 34.

Count III alleged slander of title based on Fannie Mae's recording of documents, which plaintiff claimed were invalid and not executed by legally authorized persons, and Fannie Mae knew the documents were invalid. Id., ¶¶36-39.

As relief, plaintiff sought a determination of adverse interests in the Property; a declaratory judgment that the mortgage was void and unenforceable; a declaration that

the Sheriff's Certificate of Sale, Assignment of Mortgage, September 6, 2012, Notice of Pendency and September 21, 2012 Power of Attorney are void; and an order that plaintiff is the fee owner of the Property.  Amended Complaint, Prayer for Relief, ¶¶I, II.

Immediately following the filing of the Complaint, defendants moved to dismiss it pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 9].  In that motion, defendants made four arguments as to plaintiff's quiet title claim.  First, plaintiff was not entitled to equitable relief because he had defaulted on the note, and accordingly he has unclean hands.  Defendants' Memorandum of Law in Support of Motion to Dismiss Amended Complaint, p. 5 [Docket No. 10].  Second, plaintiff could not seek relief under Minn. Stat. § 559.01 and 555.01 because he had not named all interested parties in the Property – the co-owner, Tammy Torborg; Bremer Bank, the holder of the second mortgage on the Property; and the bankruptcy trustee.  Id, pp. 5-7.  Third, plaintiff's burden of proof argument has been rejected by the Eighth Circuit.  Id., pp. 7-8.  Fourth, plaintiff's allegations that Bitsoi and Higley lacked legal authority to execute the Assignment of Mortgage on behalf of MERS (pled in the original Complaint on "information and belief"), or that Seretus and Reiter & Schiller lacked the authority to execute the relevant foreclosure documents, failed because the allegations were unsupported by anything but speculation and conjecture and had no basis in the law.  Id. pp. 8-12.  As for plaintiff's slander of title claim, defendants contended that the claim failed because plaintiff had not stated any facts to support the element of malicious conduct.  Id., p. 12.

Plaintiff responded to defendants' motion to dismiss [Docket No. 17] and on the same day filed the Amended Complaint [Docket No. 16], which added allegations and exhibits to support his claims that the persons who executed the Assignment of

Mortgage on behalf of MERS, Bitsoi and Higley, lacked the legal authority to do so, and that Seterus and Reiter & Schiller lacked the authority to execute the relevant foreclosure documents.  See Amended Complaint, ¶¶ 11-13, Exs. 3-7.

In response to the Amended Complaint, defendants filed another motion to dismiss, in which they addressed plaintiff's additional facts and exhibits, reiterated their arguments from the first motion, and contended plaintiff lacked standing to challenge the Assignment of Mortgage from MERS to Fannie Mae.  Defendants' Memorandum of Law in Support of Motion to Dismiss Amended Complaint ("Def. Mem.") [Docket No. 22].

## II.    LEGAL STANDARDS

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true.  Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).   In addition, a court must afford the plaintiff all reasonable inferences from those allegations.  Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation."  Iqbal, 556 U.S. at 678

(internal quotation marks and citations omitted).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).  Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S., at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 677 (quoting Twombly, 550 U.S. at 556).  "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted).  "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment.  Fed. R. Civ. P. 12(d).  "The court, however, 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment.  See Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted).); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a

pleading is a part of the pleading for all purposes."); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

## III.   DISCUSSION

### A.   Quiet Title

In Minnesota, "[a]ny person in possession of real property personally . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively."   Minn. Stat. §559.01. However, mere allegations of a plaintiff's possession of the property and conclusory statements that the defendant's adverse claims are invalid are insufficient to state a claim for relief.   See Karnatcheva v. JP Morgan Chase Bank, NA, 704 F.3d 545, 548 (8th Cir. 2013), cert. denied, 134 S.Ct. 72 (2013) (affirming the district court's dismissal of the plaintiff's quiet title claim "because the plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid."); see also Yang Mee Thao-Xiong v. American Mortg. Corp., Civ. No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013) (quoting Novak v. JP Morgan Chase Bank, N.A., Civ. No. 12–589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012) (finding that plaintiffs "'must state facts sufficient to allow the court to draw the reasonable inference that . . . she is in possession and that a defendant claims a right or title to the property, but has no such right or title.'").

In Karnatcheva, the Eighth Circuit also settled the "burden of proof" argument advocated by plaintiff. 704 F.3d at 548. As the court explained in Gharwal:

> Karnatcheva rejected that [burden of proof] argument, specifically holding that §559.01 and the other authority on which [plaintiff] relies 'are not state substantive standards that govern the success of a quiet title claim. Karnatcheva, 704 F.3d at 548. Whether or not the Eighth Circuit's holding was "error" is not for this Court to decide; Karnatcheva is binding precedent, and this Court must apply it. The Court notes, however, that although he was addressing a different issue, plaintiff's counsel himself[3] has conceded in the past "that, under Fed. R. Civ. P. 11, a quiet-title claim must be supported by an objectively reasonable basis for believing that the defendant's asserted interest in the property is invalid." Welk v GMAC Mortg., LLC, 850 F.Supp.2d 976, 988 (D. Minn. 2012), aff'd, 720 F.3d 736 (8th Cir. 2013). Here, plaintiffs quiet title claims are based only on conclusory statements and speculation, but no facts. The claim fails under Rule 12(b)(6).

Gharwal v. Federal Nat'l Mortg. Ass'n, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *3 (D. Minn. Sept. 11, 2013).

In the instant case, plaintiff has made wholly unsupported statements about the alleged lack of legal authority by the individuals signing the foreclosure documents. Amended Complaint, ¶¶11, 17, 19, 29. These allegations fail. The Eighth Circuit and cases within this District have unequivocally held that conclusory allegations lacking in factual support are insufficient to satisfy the Rule 8 pleading standards or the standards described by the Supreme Court in Iqbal and Twombly. See e.g. Karnatvcheva, 704 F.3d at 548; Sorem v. Bank of New York Mellon, Civ. No. 13-290 (DWF/JSM), 2013 WL 4611115, at *2-3 (D. Minn. Aug. 29, 2013); Ko v. Mortgage Elec. Registration Sys., Civ. No. 13-596 (JRT/AJB), 2013 WL 4052680, at *2 (D. Minn. Aug. 9, 2013); Quale v.

---

[3]   Both Gharwal and Karnatcheva were represented by William Butler, plaintiff's counsel in the instant case.

Aurora Loan Serv., LLC, Civ. No. 13-621 (JNE/AJB), 2013 WL 3166584, at *1 (D. Minn. June 20, 2013) (string citation omitted); Lara v. Federal Nat'l Mortg. Ass'n, Civ. No. 13-676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June 18, 2013); Schumacher v. Federal Home Loan Mortg. Corp., Civil No. 13-29 (DSD/FLN), 2013 WL 3033746, *2 (D. Minn. June 17, 2013).

Further, the new allegations and documents attached to the Amended Complaint do not cure the defects in plaintiff's pleading.  Amended Complaint, ¶¶11-13, Exs. 3-7. Even accepting as true that the individuals who signed the Assignment of Mortgage, Bitsoi and Higley, lived in Idaho, as did the notary, Sorg, who works for Security Connections, and that another employee of Security Connections testified in an unrelated case in November 2009 that she had "robo-signed" assignments of mortgage for First Franklin, does not create a "plausible inference" that Bitsoi and Higley did not have the legal authority to sign the Assignment of Mortgage or they "robo-signed" the Assignment.

More critically, however, even if plaintiff's wildly speculative statements about Bitsoi's and Higley's signing authority are true, plaintiff suffered no injury in fact as a result and, therefore lacks standing to pursue those claims.  See Walker v. Bank of Am., N.A., Civ. No. 11-783 (ADM/JSM), 2013 WL 5771154, at *5 (D. Minn. Oct. 24, 2013) ("As has been repeatedly held in this district, mortgagors lack standing to challenge the validity of a subsequent assignment of mortgage."); Novak, 2012 WL 3638513, at *6 ("plaintiffs lack standing to challenge the assignment: they are not parties to the assignment and any dispute would be between the assignor and assignee"); Quale, 2013 WL 3166584, at *1 ("Insofar as the Quales based their claims on the allegations

11

  
that an individual lacked authority to execute the assignment of mortgage, the Court rejects this argument because the Quales lack standing to make such a challenge, and even if they did have standing, their claims are fatally implausible and speculative."); Forseth v. Bank of America, N.A., Civ. No. 13-38 (SRN/TNL), 2013 WL 2297036, at *5 (D. Minn. May 24, 2013) ("The allegations regarding unauthorized signatures on every document related to the foreclosure process for the Forseths' mortgage are similarly implausible and pure speculation.  But even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or BAC, in the case of Mr. Bruns, or BAC/Bank of America or Fannie Mae in the case of Mr. McDaniel and Ms. Girvan.  There is no allegation in the Amended Complaint that any of these individuals falsely initiated foreclosure proceedings against the Forseths' property, and the documents in the public records belie such a claim in any event. The Forseths defaulted on their mortgage by not making payments as they promised. Even if all three of these individuals lacked signing authority, as the Forseths claim, they have suffered no injury as a result and therefore have no standing to pursue their claims"); Kaylor v. Bank of America, N.A., Civ. No. 12-1586 (DSD/SER),2012 WL 6217443, at *5 (D. Minn. Dec. 13, 2012) (finding that even if individual who effectuated the assignment of the mortgage did not have authority to do so, homeowners not a party to the mortgage assignment had no standing to challenge the assignment.); see also Altier v. Federal Nat'l Mortg. Ass'n, Civ. No. 1:13-164, 2013 WL 6388521, at *3 (N.D. Fla. Dec. 6, 2013) ("To the extent that Plaintiffs challenge the validity of the Assignment either because Plaintiffs allege MERS does not have the authority to assign the Mortgage—or because the Assignment was executed by "robo-signers"—Plaintiffs do not have standing to

raise a challenge to the validity of an assignment because Plaintiffs are not parties to the Assignment.") (citations omitted); <u>Sovis v. Bank of New York Mellon</u>, Civ. No. 11-2253 (DWF/LIB), 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012) (finding that general allegations that defendants unlawfully foreclosed on plaintiff's home pursuant to a series of invalid assignments of mortgage, "cannot furnish the causal nexus necessary to establish standing to assert her claims."); <u>Gerlich v. Countrywide Home Loans, Inc.</u>, Civ. No. 10-4520 (DWF/LIB), 2011 WL 3920235, at *2 (D. Minn. Sept. 7, 2011) (borrower lacks standing to challenge assignment of mortgage)); <u>Kebasso v. BAC Home Loans Servicing, LP</u>, 813 F. Supp.2d 1104, 1113 (D. Minn. 2011) (finding that mortgagors lacked standing to challenge the defendants' authority to foreclose, as "'any disputes that arise between the mortgagee holding legal title and the assignee of the promissory note holding equitable title do not affect the status of the mortgagor for purposes of foreclosure by advertisement.' The court reaffirmed the principle that 'legal and equitable title can be separated' and if a dispute arises between the holder of legal and equitable title with respect to foreclosure, '[i]t is a matter between them alone, and does not concern the mortgagor,' and such a transaction does "not affect the interests of the mortgagor, and he could not object."") (quoting <u>Jackson v. Mortgage Elec. Registration Sys., Inc.</u>, 770 N.W.2d 487, 500 (Minn. 2009)).  .

Plaintiff's allegations regarding Fry's authority to sign the Power of Attorney and Fondungallah's authority to sign the Notice of Pendency fail for the same reasons. First, plaintiff offered no facts to support his claim that either individual lacked legal authority to sign the Power of Attorney or Notice of Pendency, and second, even if they had no authority to do so, plaintiff has no standing to challenge the validity of the

foreclosure on this basis. Simmer v. HSBC Bank USA, N.A., Civ. No. 13-1549(DSD/AJB), 2013 WL 6244710, at *3 (D. Minn. Dec. 3, 2013) (plaintiffs' allegations regarding individuals' alleged lack of authority to sign Notices of Pendency and Powers of Attorney failed because the allegations are "merely conclusory assertions without any factual allegations to support them."); Segura v. Fed. Nat'l Mortg. Ass'n, Civ. No. 13-531 (SRN/JJK), 2013 WL 3034096, *2 (D. Minn. June 17, 2013) (rejecting "contention that nearly every individual who signed a document in support of the foreclosure did not have the authority to do so" as "implausible and speculative, just the sort of 'vague claims' that have been rejected repeatedly by courts in this District and by the Eighth Circuit Court of Appeals.") (citing Mine v. Fed. Home Loan Mortg. Corp., Civ. No. 13–220, 2013 WL 2443852, at *4 (D. Minn. June 5, 2013) (Montgomery, J.)); Welk, 2013 WL 2155463, at *4 ("[Plaintiff] insists that the individual who signed the assignment to Wells Fargo and the individual who signed the power of attorney allowing Wells Fargo to institute foreclosure proceedings did not have the authority to do so, and that the law firm and Trisko knew that the individuals had no authority but proceeded with the foreclosure anyway. But there are no facts of any kind—no evidence pled supporting these allegations."); Pope v. Federal Home Loan Mortg. Corp., Civ. No. 12-3097 (SRN/JJG), 2013 WL 2251001, at *3 (D. Minn. May 22, 2013) (dismissing with prejudice claims that an individual lacked authority to sign foreclosure documents and noting "[b]ut even if Ms. Brown did not have the authority to bind Wells Fargo, then whatever harm caused by that lack of authority is harm to Wells Fargo, not to the Popes or any other borrower."); Stilp v. HSBC Bank USA, N.A., Civ. No. 12-3098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013), aff'd, 2013 WL 5340399, at *3 (8th Cir.

Sept. 25, 2013) ("Plaintiffs plead upon information and belief that all individuals executing assignments of mortgage and power of attorney lack legal authority to do so. Plaintiffs believe the individuals executing assignments and POAs are employed by organizations other than the ones on whose behalf they have signed. . . . Even if the individuals do work for other organizations, it does not mean that they could not also work for or be hired as agents on behalf of different clients. Absent even an iota of evidence of fraud, these are conclusory allegations which do not state a claim for which relief may be granted.") (citations omitted); see also Karnatcheva, 704 F.3d at 545 (affirming dismissal of quiet title claim for failure to adequately plead, with other than "labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid").)

In his opposition brief, plaintiff raised a defect not pled in his Amended Complaint. Plaintiff's Memorandum in Opposition to Motion to Dismiss Amended Complaint ("Pl. Opp. Mem."), p. 9 [Docket No. 24]. According to plaintiff, the foreclosure had to be voided because the Power of Attorney was recorded on October 4, 2012, which was after the Notice of Sale was first published on September 15, 2012. Id.; Amended Complaint, Exs. 9 (Power of Attorney); 10 (Sheriff's Certificate and Foreclosure Record). Plaintiff argued that Minn. Stat. §582.25(1)(v)[4] provides for a cause of action for "failure to record the [Power of Attorney] before the first publication of the notice of sale" and because Fannie Mae failed to do so, the foreclosure was void. Id. (emphasis in original). Pl. Opp. Mem., p. 9. Plaintiff's contention is meritless.

The relevant portion of Minn. Stat. §582.25 provides:

_____

[4]      Plaintiff referenced Minn. Stat. §582.25(1)(e) in his opposition brief, but there is no such section. The Court presumes plaintiff meant to cite Minn. Stat. §582.25(1)(v).

Every mortgage foreclosure sale by advertisement in this state under power of sale contained in any mortgage duly executed and recorded in the office of the county recorder or registered with the registrar of titles of the proper county of this state, together with the record of such foreclosure sale, is, after expiration of the period specified in section 582.27,[5] hereby legalized and made valid and effective to all intents and purposes, as against any or all of the following objections:

(1) that the power of attorney, recorded or filed in the proper office provided for by section 580.05:

***

(v) was executed subsequent to the date of the printed notice of sale or subsequent to the date of the first publication of such notice; …

Minn. Stat. §582.25(1)(v).

Minn. Stat. § 580.05 states:

When an attorney at law is employed to conduct such foreclosure, the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had. If such attorney be employed on behalf of such mortgagee or assignee by an attorney in fact, the attorney's authority shall likewise be evidenced by recorded power.

Minn. Stat. § 580.05 (emphasis added).

---

[5]    Minn. Stat. §582.27, subd. 1 states:

Upon expiration of the periods specified in this section, the provisions of section 582.25 apply to a mortgage foreclosure sale subject to this section:

(1) as to all of the provisions of section 582.25, except clauses (2) and (23), one year after the last day of the redemption period of the mortgagor, the mortgagor's personal representatives or assigns;

Courts in this District have squarely addressed plaintiff's argument and concluded that the curative provision of Minn. Stat. §582.25, which provides that after a certain period of time, no objections to the validity of a foreclosure sale may be made based on the fact that the power of attorney was signed after the date of the first publication of the notice of sale, did not write into the foreclosure statute a requirement about the timing of the signing of the power of attorney. See Otremba v. CitiMortgage, Civ. No. 13-871(JRT/JJG), 2013 WL 6388461, at *3 (D. Minn. Dec. 6, 2013) (rejecting an interpretation of Minn. Stat. §582.25 that injected substantive requirements into Minn. Stat. §580.05 "when such requirements are clearly absent from the latter provision"); Smith v. Wells Fargo Bank, NA, Civ. No. 13-430 (SRN/TNL), 2013 WL 5720150, at *1 (D. Minn. Oct. 21, 2013) (rejecting argument that a power of attorney must be executed and recorded before the first publication of the notice of sale, noting that Minn. Stat. §580.05 only requires the power of attorney to be recorded before the sale occurs).

Here, there is no dispute that the Power of Attorney was recorded on October 4, 2012, (Amended Complaint, Ex. 9), and the Property was sold on November 8, 2012. Id., Ex. 10. Thus, Fannie Mae complied with the requirements set forth in Minn. Stat. §580.05, and the fact that the Power of Attorney was recorded after the notification of the sale was published does not affect this result. Plaintiff's claim that the foreclosure is void as a result of the timing of the recording of the Power of Attorney vis-a-vis the notice of publication of the sale is rejected.

Additionally, a quiet title action is a proceeding in equity and as such, a plaintiff who seeks to quiet title must come to court with clean hands. Haubrich v. U.S. Bank

Nat'l Assn., Civ. No. 12-565 (DSD/TNL), 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012) (a quiet title claim is an equitable action requiring borrower to have clean hands), aff'd, 720 F.3d 979 (8th Cir. 2013).   See also Yang Mee Thao-Xiong, 2013 WL 3788799, at *4 (plaintiff's unclean hands in defaulting on her mortgage prevented her from seeking equitable relief); Stilp, 2013 WL 1175025, at *4 ("[p]laintiffs defaulted on their mortgage loan over four years ago.  They seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands.") (citation omitted).   Plaintiff, having defaulted on his mortgage,[6] comes to court with unclean hands and is precluded from pursuing a quiet title claim.  Novak, 2012 WL 3638513, at *4 (in Minnesota, "[a]ctions to quiet title and determine adverse claims are equitable actions" and a plaintiff who seeks equity must come to court with clean hands), (citing Santee v. Travelers Ins. Co., 275 N.W. 366, 368 (Minn. 1937)) (finding that the plaintiffs had unclean hands because they were in default on their mortgage and, therefore, that they could not state a quiet title claim)), aff'd, 518 F. App'x 498 (8th Cir. 2013))

For all of these reasons, plaintiff's quiet title claim should be dismissed.

### B.   Slander of Title

To state a claim for slander of title, a plaintiff must allege facts that show: (1) there was a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property

---

[6]   Plaintiff's attempt to plead around his default on the note is meritless.  Amended Complaint, ¶7.  The allegations in the Amended Complaint, including his bankruptcy and attempts to modify the loan, (Amended Complaint, ¶9), and documents attached to the Amended Complaint regarding foreclosure proceedings, indicate that plaintiff had defaulted on the note by 2012.

caused the plaintiff pecuniary loss in the form of special damages.  Paidar v. Hughes, 615 N.W.2d 276, 279–80 (Minn. 2000) (citation omitted).   To plead malice, plaintiff "must raise factual allegations sufficient to create a plausible claim that at least one of the [  ] parties acted with a reckless disregard for the truth, 'despite a high degree of awareness of probable falsity.'"  Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254,1258 (8th Cir. 2013) (quoting Brickner v. One Land Dev. Co., 742 N.W.2d 706, 711 (Minn. Ct. App. 2007)); see also Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 178 Minn. 27, 226 N.W. 191, 192 (Minn. 1929) (concluding that to be a malicious statement, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause.").  The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title.  Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920).   Additionally, plaintiff must establish that he relied on the alleged false statement.  See Welk, 850 F.Supp.2d at 993-94.

Defendants contended that plaintiff's slander of title claim had to be dismissed because plaintiff made no factual allegations of malicious conduct.  Def. Mem., p. 16. Plaintiff did not address defendants' arguments regarding dismissal of his slander of title claim in his opposition brief.  Therefore, the Court treats plaintiff's lack of opposition as a concession that the claim cannot succeed and should be dismissed.  Gharwal, 2013 WL 4838904, at *1, n.2 (dismissing slander of title claim for failure to respond to defendants' arguments in favor of dismissal); Mark v. Ault, 498 F.3d 775, 786 (8th Cir. 2007) (holding that failure to raise or address an issue constitutes abandonment) (citation omitted).

However, even if plaintiff had not waived his right to defend his slander of title claim, the Court finds the claim must be dismissed because he has alleged no facts from which this Court could infer that Fannie Mae made a false statement, acted maliciously or that plaintiff suffered any pecuniary loss from a publication concerning title to his property.  See Ko, 2013 WL 4052680, at *4 (dismissing similarly-pled slander of title claim).  Significantly, although plaintiff stated in this Count that "Fannie Mae drafted and recorded documents that are invalid and that were not executed by persons legally authorized to do so" (Complaint, ¶36), as previously discussed, plaintiff pled no plausible facts to support his allegations regarding signing authority.  See Lara, 2013 WL 3088728, at *3 (dismissing slander of title claim based on allegation that individuals signing documents lacked authority to do so and stating "[plaintiffs pleaded no plausible facts to support their allegations regarding signing authority.").  Therefore, plaintiff failed to state a claim for slander of title, and dismissal is required.[7]

### C.    Declaratory Judgment

A declaratory judgment is a remedy, not a cause of action.  See, e.g., Onvoy, Inc. v. ALLETE, Inc., 736 N.W.2d 611, 617–618 (Minn. 2007) (a declaratory judgment action may be maintained only where there is a justiciable controversy); Buck v. American Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201 "creates a remedy, not a cause of action").  In light of the Court's

---

[7]     The Court notes that a slander of tile claim is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b).  See Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims); See also Ko, 2013 WL 3088728, at *4; Pope, 2013 WL 2251001, at *4; Haubrich, 2012 WL 3612023, at *6 (D. Minn. Aug. 21, 2012).  Defendants did not argue in favor of dismissal based on plaintiff's failure to meet this standard.  Suffice it to say, however, having failed to plead any facts to support a slander of title claim, the claim also fails to meet the Rule 9(b) standard.

conclusion that plaintiff's substantive claims must be dismissed under Rule 12(b)(6), "[he is] left with a remedy in search of right."  Scanlon v. Northwest Mortg., Inc., Civ. No. 11-3128 (MJD/TNL), 2012 WL 2885131, at *7 (D. Minn. July 13, 2012).  See also Lara, 2013 WL 3088728, at *3 (finding that where plaintiff had failed to state a substantive claim, the Amended Complaint also failed to state a claim for declaratory judgment) (citing Weavewood, Inc. v. S & P Home Invs., LLC, 821 N.W.2d 576, [579] (Minn. 2012) ("A declaratory judgment is a procedural device through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists.")).

Plaintiff's claim for declaratory judgment must be dismissed because there is no legal basis for affording the remedy.

For all of these reasons, this Court recommends that plaintiff's suit be dismissed with prejudice.[8]

---

[8]     "Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend."  Michaelis v. Neb. State Bar Ass'n., 717 F.2d 437, 438-39 (8th Cir. 1983).   Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate.  That is the case here.  See McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice.  Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."); McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); Ikechi v. Verizon Wireless, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797 at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791 at *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).

**III.      RECOMMENDATION**

For the reasons set forth above, it is recommended that:

(1)      Defendants' Motion to Dismiss [Docket No. 9] and Defendants Motion to

Dismiss (Amended Complaint) [Docket No. 21] be **GRANTED.**

(2)      This matter be dismissed with prejudice.


Dated: December 19, 2013                           *Janie S. Mayeron*
                                                   JANIE S. MAYERON
                                                   United States Magistrate Judge


## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 2, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.