UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| PHILIP TORBORG,<br>  Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP, INC., and *also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein*,<br>  Defendants. | Civil No. 13-1211 (JRT/JSM)<br><br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

---

Philip Torborg, plaintiff.[1]

Rebecca F. Schiller and Curt N. Trisko, **SCHILLER & ADAM, P.A.**, 25 Dale Street North, St. Paul, MN 55102, for defendants.

This case is one in a long series of cases filed by William B. Butler[2] and arises out of Plaintiff Philip Torborg's challenge to the foreclosure on a mortgaged property.

---

[1] Plaintiff Philip Torborg was formerly represented by William B. Butler, who was suspended from the practice of law before the Eighth Circuit and the Court effective December 26, 2013. (Order, Miscellaneous Case No. 13-49, Jan. 14, 2014, Docket No. 10.) As a result, the Court ordered Plaintiff Philip Torborg to either have new counsel enter an appearance on his behalf or file a statement with the Court indicating an intent to proceed *pro se* by February 19, 2014. (Order, Jan. 29, 2014, Docket No. 31.) Torborg has not filed a response. However, because the instant objections were filed before Butler was suspended, out of an abundance of caution, the Court will proceed to rule on the objections.

[2] *See, e.g., Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254 (8th Cir. 2013); *Jerde v. JPMorgan Chase Bank, N.A.*, 502 F. A'ppx 616 (8th Cir. 2013) (per curiam); *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027 (8th Cir. 2012), *cert. denied*, 133 S. Ct. 2358 (2013); *Sigford v.*

(Footnote continued on next page.)

Torborg's claims center on the validity of both the mortgage assignment and the Powers of Attorney that authorized the foreclosure on the property. Before the Court are Plaintiff's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Janie S. Mayeron. The Magistrate Judge recommended that the Court grant the motion to dismiss filed by Defendants Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Merscorp, Inc. (collectively "Defendants"). The Court will adopt the R&R and dismiss Torborg's claims with prejudice, concluding that Torborg fails to state a quiet title claim and has failed to object to the Magistrate Judge's conclusion that his claims for slander of title and declaratory judgment should be dismissed.

## BACKGROUND

Torborg's challenge to the foreclosure centers on the validity of two exchanges in the life of his mortgage: its assignment from MERS to Fannie Mae and Fannie Mae's subsequent foreclosure proceeding. Torborg alleges that the assignment was not valid because it was authorized and executed by individuals who did not have the authority to execute the assignment. Similarly, he alleges that the foreclosure proceeding was invalid because parties to the proceeding lacked the necessary powers of attorney and because the Power of Attorney was not recorded prior to the publication of the Notice of Sale.

_____
(Footnote continued.)

*U.S. Bank, N.A.*, Civ. No. 13-2225, 2014 WL 468300 (D. Minn. Feb. 6, 2014); *Sonsalla v. Mortg. Elec. Registration Sys., Inc.*, Civ. No. 13-659, 2013 WL 4052825 (D. Minn. Aug. 9, 2013).

Torborg acquired an interest in the real property in question on March 31, 2006. (Am. Compl. ¶ 2, July 1, 2013, Docket No. 16.)[3] That same day, Torborg executed a mortgage with MERS. (*Id.* ¶ 6.) MERS subsequently assigned the mortgage to Fannie Mae. (*Id.* ¶ 10; *id.*, Ex. 2.) The assignment of the mortgage was executed on November 10, 2011 and recorded by the Sherburne County Office of the Recorder on May 15, 2012. (*Id.* ¶ 10 (citing *id.*, Ex. 2).) Torborg alleges that this assignment was invalid because the employees who supposedly executed the assignment on behalf of MERS were in Idaho and that an employee of a different company that happens to be located in Idaho (another employee of which had notarized the instant assignment) testified in a different matter that she previously "robo-signed" assignments of mortgage. (*Id.* ¶¶ 11-13; *id.*, Ex. 7.) He alleges that, based on these facts, there is a plausible inference that the employees who supposedly executed the assignment on behalf of MERS actually worked for the notarizing company, not MERS, and therefore the assignment was not valid. (*Id.* ¶¶ 12-13.)

Although Torborg does not state this directly in his pleadings, the other pleadings and related documents indicate that Torborg defaulted on his mortgage by 2012. (*See id.* ¶ 9 (noting that Torborg attempted to modify his payment plan for the mortgage, but ultimately sought and declared bankruptcy in June 2012); Decl. of Rebecca F. Schiller, Exs. 4-5 (foreclosure documents filed with Sherburne County), June 10, 2013, Docket No. 11; Compl., Ex. 4 (notice of foreclosure), May 20, 2013, Docket No. 1.) A Notice of

---

[3] As discussed below, the operative complaint in this case is the Amended Complaint, so the recitations to Torborg's allegations will reference the Amended Complaint.

Pendency of Proceeding to Foreclose was recorded at the Sherburne County Recorder's office on September 10, 2012. (Am. Compl. ¶¶ 16-17, Ex. 8.) On September 13, 2012, Fannie Mae noticed the Sheriff's Sale for the property. (*Id.* ¶ 20.) Defendants executed a Power of Attorney to Foreclose on September 21, 2012, and recorded it with the Recorder of Sherburne County on October 4, 2012. (*Id.* ¶ 18.) The execution and recording of the Power of Attorney took place prior to the sale on November 8, 2012. (*See id.* ¶ 20.)[4] Torborg alleges that the foreclosure was invalid because the person who signed the Notice of Pendency of Proceeding to Foreclose lacked the legal authority to do so. (*Id.* ¶ 17.)

Following the foreclosure and sale of the property, Torborg filed a complaint in this action, seeking to quiet title to the property (Count I), declaratory judgment stating that the assignment and foreclosure were void (Count II), and alleging slander of title (Count III). Defendants moved to dismiss all claims against them. (Mot. to Dismiss, June 10, 2013, Docket No. 9.) In response, Torborg simultaneously filed an opposition memorandum and the Amended Complaint. (Am. Compl.; Mem. in Opp. to Mot. to Dismiss, July 1, 2013, Docket No. 17.) The Amended Complaint includes two additional paragraphs further detailing the allegations of unauthorized assignment of the mortgage,

---

[4] At the sheriff's sale on November 8, 2012, the Power of Attorney bid on behalf of Fannie Mae. (Am. Compl. ¶ 20.) On November 13, 2012, a Sheriff's Certificate of Sale was recorded at the Sherburne County Recorder's Office. (*Id.* ¶ 20, Ex. 10 (Sheriff's Certificate of Sale and Foreclosure Record).)

but is otherwise nearly identical to the original complaint. (*See* Am. Compl. ¶¶ 12-13.)[5] Defendants again moved to dismiss all counts against them. (Mot. to Dismiss Am. Compl., July 19, 2013, Docket No. 21.)[6]

The Magistrate Judge issued an R&R recommending that the Court grant Defendants' Motion to Dismiss the Amended Complaint. (R&R, Dec. 19, 2013, Docket No. 28.) With regard to the quiet title claim, the R&R concluded that Torborg failed to adequately allege that certain Defendants lacked the requisite signing authority; that Minn. Stat. § 582.25(1)(v) does not provide for a cause of action for failure to record a power of attorney prior to the publication of the Notice of Sale; that Torborg lacked standing because allegations that the subsequent assignment of a mortgage was invalid do not amount to injury-in-fact; and that Torborg is not eligible for any equitable relief because of the doctrine of unclean hands. (*Id.* at 10-18.) Concerning the slander of title claim, the R&R observed that Torborg failed to address Defendants' arguments on that

---

[5] The Court treats the Amended Complaint as an amendment as a matter of course under Federal Rule of Civil Procedure 15, because it was filed within 21 days of Defendants' Motion to Dismiss the original complaint (the motion was filed June 10, 2013 and the amended complaint was filed July 1, 2013). *See* Fed. R. Civ. P. 15(a)(1)(B) (permitting one amendment of a pleading as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"). Thus, the Amended Complaint is the operative complaint. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("[A]n amended complaint super[s]edes an original complaint and renders the original complaint without legal effect.").

[6] Inexplicably, the Motion to Dismiss the original complaint was not terminated, nor was it withdrawn by Defendants, so both motions are currently pending before the Court. Because the Amended Complaint supersedes the original complaint, the Court will deny the Motion to Dismiss the original complaint as moot.

claim in his Memorandum in Opposition to Defendants' Motion to Dismiss and therefore waived the issue.  (*Id.* at 19 ("Plaintiff did not address defendants' arguments regarding dismissal of his slander of title claim in his opposition brief.  Therefore, the Court treats plaintiff's lack of opposition as a concession that the claim cannot succeed and should be dismissed.").)  Concerning the declaratory judgment claim (which Torborg also failed to address in his opposition memorandum), the Magistrate Judge concluded that he failed to state a claim for declaratory judgment because declaratory judgment is a remedy, not a cause of action, and his underlying claims failed.  (*Id.* at 20-21.)

Torborg raises three objections to the R&R, all of which involve his quiet title claim.  His first objection is essentially identical to his Memorandum in Opposition to Defendants' Motion to Dismiss.  The subsequent objections are new and challenge the Magistrate Judge's conclusion that he lacks standing for his quiet title claim and that the doctrine of unclean hands bars him from any equitable relief.  Torborg again makes no argument regarding the slander of title and declaratory judgment claims.

The Court concludes that Torborg's quiet title action fails to state a claim upon which relief can be granted because he makes no plausible allegations that the assignment and foreclosure were invalid.  Because Torborg has failed to object or make any argument regarding the remaining claims, the Court will therefore dismiss all claims against Defendants.

## ANALYSIS

I.     **STANDARD OF REVIEW**

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, objections which are not specific but merely summarize or repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See, e.g.*, *Martinez v. Astrue*, Civ. No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, Torborg's objections to the R&R's conclusions regarding his failure to state a quiet title claim were merely a recitation of much of Plaintiff's Memorandum in Opposition of Motion to Dismiss Amended Complaint. (*Compare* Objection, at 4–8, *with* Mem. to Opp. to Mot. to Dismiss Am. Compl. at 5-11, August 9, 2013, Docket No. 24.) Torborg's objections to the Magistrate Judge's determinations that the quiet title claim must also fail because of lack of standing and unclean hands, however, are new and specific. Out of an abundance of caution, the Court will review all of Torborg's objections *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

## II.     FAILURE TO STATE A CLAIM FOR QUIET TITLE

### A.     Standard of Review

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "'claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir.) *cert. denied*, 134 S. Ct. 72 (2013) (concluding that conclusory allegations are insufficient to satisfy pleading standards).  The allegations in the complaint must "nudge[]" the claims against the defendant "across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680 (internal quotation marks omitted).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed.  *Id.* at 678. (internal quotation marks omitted).

### B.     Torborg's Quiet Title Claim

Upon reviewing the record, the Court concludes that the Amended Complaint fails to state a claim for quiet title under Minn. Stat. § 559.01.  Section 559.01 states:

> Any person in possession of real property personally or through the person's tenant, or any other person having or claiming title to vacant or unoccupied real property, may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively.

Minn. Stat. § 559.01.  Torborg argues that he has adequately pleaded facts which, if true, would afford him relief under this section, because any adverse claim by the Defendants is invalid because the assignment was invalid under Minn. Stat. § 507.413 and the Powers of Attorney for the foreclosure sale did not comply with Minn. Stat. § 580.05.

Courts have repeatedly rejected claims under § 559.01 on the basis of conclusory allegations challenging a defendant's adverse claim on the basis of invalid assignment. *See Karnatcheva*, 704 F.3d at 548 ("labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid" were insufficient to state a claim for quiet title under Minn. Stat. § 559.01); *see also Vollmer v. Fed. Home Loan Mortg. Corp.*, No. 13-2617, 2014 WL 642423, at *1 (8th Cir. Feb. 20, 2014) (affirming dismissal of claim under § 559.01 based on invalid assignment theory, noting, "we have squarely rejected this theory, and we agree with the district court that the conclusory allegations of the amended complaint as to an unrecorded mortgage are insufficient under Rule 8").

Torborg's allegations that the assignment was invalid are similarly conclusory and therefore insufficient.  His allegations essentially amount to a claim that: (1) although the MERS representatives who signed the assignment claim to be and have titles as employees of MERS, there is no evidence that they actually are, and (2) because an

employee of a different company, in the same town as where the signing MERS representatives allegedly reside, admitted in a different matter that she has "robo-signed" documents before, it can be assumed that robo-signing is a regular practice for the company. (Am. Comp. ¶¶ 10-13.) These allegations do not plausibly state that the assignment was invalid: Torborg provides no basis for his assertion that the signers were not employees of MERS and any allegations about the practices of a different company in a different matter have no bearing on the assignment here.

Torborg's challenges to the foreclosure's validity are similarly insufficient. He alleges that an attorney who executed a Power of Attorney on behalf of Fannie Mae "did not have the legal authority to execute" the document because "[t]here is no [] record evidence of [his] authority," (Am. Compl. ¶ 17) and that the person who executed the Power of Attorney on behalf of Fannie Mae did not have the authority to do so because his title was "not a fact, it is a disputed hearsay statement," and "[t]here is no evidence of [his] authority" to execute foreclosure documents on behalf of Fannie Mae, although the Power of Attorney listed him as "attorney-in-fact for FNMA," (*id.* ¶¶ 18-19). Torborg provides no factual support for these speculative and conclusory allegations, and thus they do not suffice to state a claim for quiet title on the basis that the Powers of Attorney were invalid. *Cf. Wolff v. Bank of New York Mellon*, Civ. No. 13-2175, 2014 WL 641510, at *10 & n.5 (D. Minn. Feb. 19, 2014) (adopting R&R which found complaint stated no "plausible inference" relevant party did not have the legal authority to execute power of attorney).

Similarly, Torborg's allegations regarding the recording of the Power of Attorney and the notice of publication of the Notice of Sale fail to state a claim. According to Torborg's allegations, Defendants executed the Power of Attorney to Foreclose on September 21, 2012, and recorded it with Sherburne County on October 4, 2012. (Am. Compl. ¶ 18.) Both of these actions took place prior to the sale on November 8, 2012. (*See id.* ¶ 20.) Thus, the requirement of Minn. Stat. § 580.05 that a power of attorney be recorded prior to the sale was satisfied here. *See* Minn. Stat. § 580.05 ("[T]he authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had."); *see also Otremba v. CitiMortgage, Inc.*, Civ. No. 13-871, 2013 WL 6388461, at *3 (D. Minn. Dec. 6, 2013).

Torborg's complaint provides nothing to support his claim that "[D]efendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid." *Karnatcheva*, 704 F.3d at 548. Accordingly, the Court concludes that Torborg's allegations supporting his quiet title claim are insufficient and the Court will dismiss Count I for failure to state a claim.

Torborg objects to other grounds upon which the Magistrate Judge recommended dismissing his quiet title claim: that he lacks standing to pursue a claim for invalid assignment of a mortgage and that the doctrine of unclean hands bars him from seeking equitable relief because he defaulted on the mortgage. (*See* Objection at 7-10.) Because

the Court concludes that Torborg's quiet title claim must be dismissed for failure to state a claim, the Court need not reach these issues. *Cf. Novak v. JPMorgan Chase Bank, N.A.*, 518 F. App'x 498, 500-01 (8th Cir. 2013). (where district court found several alternative bases for dismissing quiet title claim, including unclean hands, affirming dismissal on the basis of failure to state a claim).[7] Therefore, the Court will dismiss Torborg's quiet title claim as to all Defendants with prejudice. The Court will also dismiss Torborg's claims for slander of title and declaratory judgment as he has not raised any objections to the Magistrate Judge's recommendation that those claims be dismissed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's objections [Docket No. 29] and **ADOPTS** the

---

[7] Even if the Court were to review these arguments, courts have repeatedly rejected these arguments and concluded that plaintiffs in Torborg's position lack standing and are barred from seeking equitable relief by the doctrine of unclean hands. *See Wolff*, 2014 WL 641510 *10 ("[P]laintiffs suffered no injury in fact as a result [of alleged lack of signing authority for power of attorney] and, therefore lack standing to pursue a quiet title claim on this basis."); *Sorem v. Bank of New York Mellon*, Civ. No. 13-290, 2013 WL 4611115, *3 (D. Minn. Aug. 29, 2013) ("Plaintiffs base their claims on the primary argument that the foreclosure is void because unrecorded assignments exist, and in support Plaintiffs argue that BNYM's Pooling and Servicing Agreement requires that an assignment be executed in favor of BNYM. Plaintiffs lack standing to make this challenge."); *Novak v. JP Morgan Chase Bank, N.A.*, Civ. No. 12-589, 2012 WL 3638513, *4 (D. Minn. Aug. 23, 2012) (concluding plaintiffs could not state a quiet title action because they "c[a]me to court with unclean hands" on account of having "defaulted on their mortgage loans by failing to make promised payments"), *aff'd* 518 F. App'x 498 (8th Cir. 2013); *Stilp v. HSBC Bank USA, N.A.*, Civ. No. 12-3098, 2013 WL 1175025, *4 (D. Minn. Mar. 20, 2013) (rejecting quiet title claim where plaintiffs sought to "declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands"), *aff'd*, 539 F. App'x 694 (8th Cir. 2013) Because the Court does not rely on these objected to portions of the R&R to dismiss Torborg's claims, the Court declines to adopt the portions of the Report addressing standing and unclean hands.

Recommendation and **ADOPTS** the Report of the Magistrate to the extent stated in the Order [Docket No. 28]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss the Amended Complaint [Docket No. 21] is **GRANTED**.

2. Defendants' Motion to Dismiss [Docket No. 9] is **DENIED as moot**.

3. Plaintiff's Amended Complaint [Docket No. 16] is **DISMISSED with prejudice**.

4. The Clerk of Court is **DIRECTED** to mail a copy of this order to Plaintiff at 18950 238th Avenue Northwest, Big Lake, MN 55309.[8]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2014　　　　　　　　＿＿＿＿＿＿＿＿John N. Tunheim＿＿＿＿＿＿＿＿
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[8] There is no address listed for Plaintiff on the docket, but the Amended Complaint states that Torborg resides at this address. (Am. Compl. ¶ 1.)